IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

MACON DIVISION

| | |
|---|---|
| MARY PHILLIPS, as grandmother and next friend of JUVENILE M.G., <br><br> Plaintiff, <br><br> vs. <br><br> ANDY CARTER CLEMENTS, JR., d/b/a ABBEVILLE DISCOUNT PHARMACY and ELIZABETH C. CANNON, <br><br> Defendants. | Civil Action No. 5:13-cv-399 |

## COMPLAINT FOR DAMAGES

NOW COMES Plaintiff, MARY PHILLIPS, on behalf of her minor grandchild referred to herein as Plaintiff Juvenile M.G., who is nine (9) years of age, and files this Complaint for Damages, and shows:

1.

Plaintiff MARY PHILLIPS is a resident of the State of Florida. She brings this action on behalf of her minor grandchild Plaintiff Juvenile M.G., who also is a resident of the State of Florida; said Plaintiff MARY PHILLIPS having been given authority by Juvenile M.G.'s natural mother, Crystal Green, to act on behalf of Juvenile M.G. herein. See Affidavit of Crystal Green attached hereto and incorporated herein by reference, marked as Exhibit "C".

2.

Defendant Clements is doing business as Abbeville Discount Pharmacy with its office and place of business in Abbeville, Wilcox County, Georgia. Defendant Clements is a resident of Dodge County, Georgia, and is subject to the jurisdiction of this Court. He can be served at Abbeville Discount Pharmacy, 201 W. Main Street, Abbeville, Georgia.

3.

Defendant Cannon is a resident of Wilcox County, Georgia, and is subject to the jurisdiction of this Court. She can be served at 15271 Hwy. 280, Abbeville, Georgia.

4.

At all pertinent times, Defendant Cannon was a pharmacist employed by Defendant Abbeville Discount Pharmacy and she was acting within the scope of her employment.

5.

This action involves serious injury to the Plaintiff through the negligence of Defendants and her damages greatly exceed the sum of $75,000.

6.

That there is therefore diversity of citizenship between the parties and this Court therefore has jurisdiction over this action.

7.

Plaintiff shows that shortly after Plaintiff Juvenile M.G.'s birth she began to experience numerous petit mal and grand mal seizures. Plaintiff Juvenile M.G. required medical attention and at the age of approximately 4 years, she was referred to Dr. John Trasmonte of Macon, Georgia, a medical doctor and specialist in allergies. Dr. Trasmonte examined Plaintiff Juvenile M.G. and prescribed a drug known as Keppra. Said prescription clearly provided that the dosage to be administered to Plaintiff Juvenile M.G. would consist of two milliliters twice per day.

8.

Said prescription was telephoned to Defendant Abbeville Discount Pharmacy, following accepted medical standards, by Dr. Trasmonte, and said prescription was telephoned by him or persons under his control to Defendant Pharmacy on or about October 20, 2008, to be filled.

9.

Contrary to Dr. Trasmonte's order and prescription, Defendant Pharmacy negligently filled the prescription with instructions placed on the bottle that it be administered to Plaintiff Juvenile M.G. at a dosage of two teaspoonfuls twice a day, a dosage that was several times greater than the original prescription ordered by Dr. Trasmonte. A redacted copy of the prescription bottle label issued by Defendants is attached hereto marked Exhibit "A" and made a part hereof.

10.

When said prescription was picked up by Plaintiff Crystal Green, the label for the bottle of Keppra provided that the dosage would be "two teaspoonfuls twice per day". Said dosage of two teaspoonfuls is at least five times in excess of a dosage of two milliliters. Because of the concentration and amount of said prescription dosage, upon administration by Juvenile M.G.'s mother, Crystal Green, following the instructions on the prescription bottle, Plaintiff Juvenile M.G. immediately sustained a serious seizure and required immediate hospitalization and treatment in the intensive care unit at Taylor Memorial Hospital in Hawkinsville, Georgia.

11.

Shortly after admission to Taylor Memorial Hospital, Plaintiff Juvenile M.G. was transferred to Children's Hospital in Macon where she was placed under the care of Dr. Trasmonte. Plaintiff Juvenile M.G. was still catatonic. Plaintiff Juvenile M.G. remained unconscious for several days and she had no control over her bowel movements or urination and had trouble swallowing. She had to be fed baby foods. She remained in a dazed condition and could not walk. Her weight dropped to approximately 17-18 pounds.

12.

That Plaintiff Juvenile M.G. was finally discharged from hospital care on or about October 23, 2008. However, for a long period thereafter, Plaintiff Juvenile M.G. continued to suffer from the effects of the erroneous dosage of medicine furnished to her by Defendant Pharmacy and her injuries are permanent and she continues to suffer serious side effects from said wrongful dosage of Keppra to the present time.

13.

That because of Plaintiff Juvenile M.G.'s injuries and suffering after taking the wrongful dose of Keppra and as the direct and proximate result of the negligence of Defendants in filling Dr. Trasmonte's prescription in an amount greatly exceeding the amount prescribed by said prescription, it is believed that Plaintiff Juvenile M.G.'s condition will continue to plague her for the remainder of her life.

14.

Plaintiff Juvenile M.G.'s problems and resulting damages are the direct and proximate result of the Defendants' negligence as follows:

A.  Failure to fill the prescription according to the requirements thereof as issued by Dr. Trasmonte.

B.  Failure to double-check the prescription dosage with Dr. Trasmonte's office staff before issuing the prescription to Plaintiff Crystal Green.

C.  Negligently issuing and filling the prescription of Keppra in an amount greatly in excess of the dosage specified in Dr. Trasmonte's prescription.

15.

There is attached to this Complaint as Exhibit "B" the Affidavit of Tiffany Moye, a registered pharmacist, whose affidavit and opinion specifies that there was negligence in the

filling of said prescription by Defendants and that the failure of Defendants to fill said prescription according to the prescription of Dr. Trasmonte was beneath the standard of care under said circumstances and that said prescription as filled and the dosage shown thereon was greatly in excess of the dosage of Keppra as prescribed by Dr. Trasmonte and said prescription as filled by Defendants was the immediate and direct cause of Plaintiff Juvenile M.G.'s seizures and need for hospitalization and treatment.

16.

That Defendants' negligent filling of said prescription of Keppra has further caused Plaintiff Juvenile M.G. to have a changed personality and to affect her outlook and ability to cope with everyday stresses.

WHEREFORE, Plaintiff prays as follows:

A. That Defendants be served as required by law;
B. That Plaintiff be awarded $750,000.00 in damages and all costs;
C. That Plaintiff have trial by jury; and
D. That Plaintiff be awarded such other and further relief as the Court deems proper and just.

LAW OFFICE OF BEN B. MILLS, JR.

By: _____
Ben B. Mills, Jr.
P.O. Box 408
Fitzgerald, GA 31750
(229) 423-4335
State Bar No. 509500
**Attorney for Plaintiff**

Case 5:13-cv-00399-MTT   Document 1   Filed 10/17/13   Page 6 of 10



## AFFIDAVIT OF TIFFANY MOYE

STATE OF FLORIDA
COUNTY OF OKALOOSA

**PERSONALLY APPEARED** before the undersigned officer, duly authorized to administer oaths, **TIFFANY MOYE**, who after being duly sworn, deposes and states as follows:

1.

I, TIFFANY MOYE, am a pharmacist licensed to practice pharmacy in the State of Florida, and practicing in the State of Florida. I am an adult, competent and qualified to give the opinions stated herein. All opinions are expressed to a reasonable degree of certainty.

2.

This Affidavit is based upon my education, training, experience and knowledge of the Standards of Care applicable to pharmacists and other medical personnel in general under like and similar circumstances as those presented by the facts contained in the medical records of Mackenzie Green which I have reviewed, and upon which this Affidavit is given.

3.

I have reviewed the records of Dr. Joseph M. Trasmonte and of Abbeville Pharmacy, provided to me by the law firm of Mills & Larkey, LLC.

4.

I am familiar with the Standard of Care applicable to pharmacists and other healthcare providers in the care and treatment of a patient in the facts and circumstances as set forth in the records of Mackenzie Green at the office of Dr. Joseph M. Trasmonte and Abbeville Pharmacy.



EXHIBIT B

5.

Based upon my knowledge, training, and experience, my familiarity with the Standard of Care, and my review of the above mentioned medical records, I make the following observations and state the following opinions, all expressed to a reasonable degree of medical certainty.

6.

[REDACTED] was examined by Dr. Joseph M. Trasmonte of Macon, Georgia, on October 20, 2008. Upon examination by Dr. Joseph M. Trasmonte, he prescribed the drug Keppra to be administered 2 ml. twice a day. The mother of [REDACTED] had the prescription filled at the Abbeville Pharmacy in Abbeville, Georgia, on or about October 20, 2008. I have examined photographs of the prescription container issued by Abbeville Pharmacy which reveals the following language "2 teaspoonfuls twice per day." It is noted that the original prescription restricted the dosage to 2 ml. twice per day. It is further noted that two teaspoons of the Keppra would be several times stronger than 2 ml.

7.

It is my opinion that the prescription for Keppra in this case as issued by Abbeville Drug Store was clearly contrary to Dr. Joseph M. Trasmonte's prescription, and that the administration of the drug Keppra to [REDACTED] in the quantities indicated on the prescription bottle, i.e., 2 teaspoonfuls twice a day, was clearly contrary to the prescription itself and exposed the said [REDACTED] to serious consequences.

8.

In my opinion, based on the facts reviewed and the Standard of Care for the handling of the prescription by Abbeville Pharmacy, the Standard of Care under such circumstances was not met.

9.

In my opinion, expressed within a reasonable degree of medical certainty, the deviations from the Standard of Care set forth in paragraphs 6 and 7 above caused or contributed to the cause of ~~Mackenzie Green~~'s consequential injury.

10.

This Affidavit is given pursuant to the provisions of O.C.G.A. §9-11-9.1, O.C.G.A. and §24-9-37.11, which state that a single negligent act or omission be specified in order to file a complaint with the court. It is not intended to encompass all the opinions held presently by me. Rather, as discovery progresses and additional information becomes available, I reserve the right to modify, alter or form additional opinions.

*Further, Affiant Sayeth Not.*

_____
Affiant

Sworn to and subscribed before me this
9th day of Sept, 2011.

_____
Notary Public for Florida
Commission Expires: _____

(S E A L)

NOTARY PUBLIC STATE OF FLORIDA
Carol G. Moye
Commission # DD746167
Expires: FEB. 01, 2012
BONDED THRU ATLANTIC BONDING CO., INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

MACON DIVISION

| | |
|---|---|
| MARY PHILLIPS, as grandmother and next friend of JUVENILE M.G., <br><br> Plaintiff, <br><br> vs. <br><br> ANDY CARTER CLEMENTS, JR., d/b/a ABBEVILLE DISCOUNT PHARMACY and ELIZABETH C. CANNON, <br><br> Defendants. | ) ) ) ) Civil Action No. _____ ) ) ) ) ) ) ) ) ) ) ) |

**AFFIDAVIT OF CRYSTAL GREEN**

FLORIDA, __Hillsborough__ COUNTY

The undersigned, as natural mother of Juvenile M.G. does hereby authorize her mother, Mary Phillips, to act as next friend and Plaintiff in that action against Abbeville Pharmacy which is to be filed in United States Federal District for the Middle District of Georgia. It is understood that any recovery had in the case after payment of costs and attorney's fees will be the property of my said daughter, Juvenile M.G.

This document will act as a Power of Attorney for my said mother, Mary Phillips, to act on behalf of my child, Juvenile M.G., in every aspect of handling the claim of my said daughter against Abbeville Pharmacy.

WITNESS my hand and seal this 30th day of September, 2013.

_____ (SEAL)
CRYSTAL GREEN

Produced FLID# 6501178550090

Witness in the presence of:
_____
Notary Public
Commission Expires: _____

(S E A L)


DEBORAH HELTON-LOPEZ
MY COMMISSION #FF037273
EXPIRES July 18, 2017
(407) 398-0153  FloridaNotaryService.com


EXHIBIT
C