IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARY PHILLIPS, as grandmother and next friend of JUVENILE M.G., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ANDY CARTER CLEMENTS, JR. d/b/a )<br>ABBEVILLE DISCOUNT PHARMACY )<br>and ELIZABETH CANNON, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 5:13-CV-399 (MTT) |

### ORDER

Before the Court is the Defendants' motion to dismiss or in the alternative for summary judgment. (Doc. 17). For the following reasons, the Defendants' motion, treated as a motion for summary judgment, is **GRANTED**.

### I. BACKGROUND[1]

On October 17, 2013, Plaintiff Mary Phillips brought this lawsuit on behalf of her granddaughter, Plaintiff Juvenile M.G., alleging the Defendants were negligent in filling M.G.'s prescription for Keppra, a medication to treat seizures. (Doc. 1, ¶¶ 7-13). M.G.'s mother initially filed a lawsuit asserting an identical claim in this Court before Judge Hugh Lawson on March 22, 2012. *Green v. Clements*, 5:12-CV-100 (HL), at Doc. 1. She voluntarily dismissed the lawsuit on February 13, 2013. *Id.*, at Doc. 34.

---

[1] Because the Plaintiffs failed to respond to the Defendants' motion for summary judgment, the Defendants' statement of facts is deemed admitted for purposes of this motion. Fed. R. Civ. P. 56(e); M.D. Ga. L.R. 56.

M.G. was born on July 28, 2004. The actions giving rise to her claim occurred on or about October 20, 2008 when she was four years old. Her fifth birthday was July 28, 2009, meaning her initial lawsuit was filed over two and one half years after her fifth birthday. Her current lawsuit was filed approximately eight months after the voluntary dismissal of her original action. The Defendants have moved to dismiss or in the alternative for summary judgment, and the Plaintiffs have not responded.

## II. DISCUSSION

### A.    Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "a reasonable jury could return a verdict for the nonmoving party." *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Where a party fails to

address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion.  Fed. R. Civ. P. 56(e)(2).

### B. Plaintiffs' Claim

The Defendants first contend they are entitled to summary judgment because the initial lawsuit was untimely.  Even if the Court finds the first action was timely, the Defendants contend this lawsuit is untimely because it was refiled after the six month deadline imposed by Georgia law for filing a renewal action.[2]  The Court agrees with both contentions.

Pursuant to Georgia law, medical malpractice claims generally have a two year statute of limitations and a five year statute of repose.  O.C.G.A. § 9-3-71(a)-(b).  However, "[a] minor who has not attained the age of five years shall have two years from the date of such minor's fifth birthday within which to bring a medical malpractice action if the cause of action arose before such minor attained the age of five years."  O.C.G.A. § 9-3-73(b).  This is more stringent than the general tolling period applicable to claims accrued by minors: "Minors … shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons."  O.C.G.A. § 9-3-90(a).

---

[2] Pursuant to Georgia law, "[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later." O.C.G.A. § 9-2-61(a).  It is not clear the Plaintiff relies on Georgia's dismissal and renewal statute.  In a telephone conference, the Plaintiff denied this was a renewal action, suggesting instead that her second complaint was timely because of Georgia's general provision for minority tolling.  Because the Plaintiff did not respond to the Defendants' motion, the Court is not sure what her position is now.

Both the Eleventh Circuit and the Georgia Court of Appeals have held that an action based on a pharmacist dispensing prescription medication falls within the purview of "medical malpractice" for purposes of the statute of limitations.[3]  *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 859 (11th Cir. 1982); *Robinson v. Williamson*, 245 Ga. App. 17, 19, 537 S.E.2d 159, 161 (2000).

The Plaintiffs' first lawsuit was untimely because it was filed more than two years after M.G.'s fifth birthday.  Thus, the Plaintiffs cannot claim the second lawsuit was a renewal of a timely filed lawsuit.  Even if the first lawsuit were timely filed, the Plaintiffs' second lawsuit was not timely renewed because it was not filed within six months of the voluntary dismissal.  O.C.G.A. § 9-2-61(a).

The Defendants also argue summary judgment should be granted because the Plaintiffs have failed to identify expert witnesses, which they contend are necessary to establish both the standard of care and causation.[4]  Clearly, a standard of care expert is necessary to prove allegations of pharmaceutical malpractice.[5]  *Beach v. Lipman*, 276 Ga. 302, 305-06, 578 S.E.2d 402, 406 (2003).  Having not responded to the

---

[3] O.C.G.A. § 9-3-70 provides:
> As used in this article, the term "action for medical malpractice" means any claim for damages resulting from the death of or injury to any person arising out of:
>
> (1) Health, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service or by any person acting under the supervision and control of the lawfully authorized person … .

[4] Though an expert affidavit was attached to the complaint as required by O.C.G.A. § 9-11-9.1, the Plaintiffs failed to identify expert witnesses on either the standard of care or causation pursuant to Fed. R. Civ. P. 26(a)(2), and the time to do so has passed.

[5] Given the nature of M.G.'s alleged injuries, a causation expert is also almost certainly necessary, but the Court does not reach that issue.

Defendants' motion, the Plaintiffs advance no argument to the contrary.  Accordingly, the Defendants are also entitled to summary judgment on this ground.

### III. CONCLUSION

Because the Plaintiffs' claim is untimely and the Plaintiffs have failed to identify a standard of care expert, the Defendants' motion for summary judgment (Doc. 17) is **GRANTED**.

**SO ORDERED,** this 14th day of July, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
